WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ricardo Garza,<br><br>   Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>   Respondents. | No. CV-15-01221-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus ("Petition"). The Magistrate Judge to whom this case was assigned issued a Report and Recommendation ("R&R"), recommending that the Petition be denied. (Doc. 32). Petitioner filed objections to portions of the R&R. (Doc. 35).

**I.   Review of R&R**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1226 (D. Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, 'but not otherwise.'"); *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009) (the district court "must review de novo the portions of the

1 [Magistrate Judge's] recommendations to which the parties object."). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made.").

In this case, the Court will review the portions of the R&R to which Petitioner objected de novo.

## II. Review of State Court Decision

The Petition in this case was filed under 28 U.S.C. §2254 because Petitioner is incarcerated based on a state conviction. With respect to any claims that Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2) this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 71 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

## III. Petition

The Petition in this case raises six Grounds for relief, two of which each have four distinct factual predicates. (R&R at 6). The Court will address each Ground in turn.

### A. Ground 1

Petitioner claims that his right to counsel was violated because he was not given a

---

[1] Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Carey v. Musladin,* 549 U.S. 70, 74 (2006).

mistrial over the prosecutor's questions and he did not receive a requested jury instruction on the prosecutor's questions. The R&R recommends that this Court deny relief on this claim. (R&R at 19-25). Specifically, the R&R concludes that this claim was exhausted before the Arizona Courts and that the Arizona Court of Appeals' decision was not contrary to nor and unreasonable application of federal law, nor was it an unreasonable determination of the facts. (R&R at 21-24).

Petitioner does not make a specific objection to this recommendation. Nonetheless even if an objection was implied in Petitioner's filing (Doc. 35), this Court, considering this Ground de novo, agrees with the R&R that the state court's decision was not contrary to nor and unreasonable application of federal law, nor was it an unreasonable determination of the facts. Accordingly, relief on Ground 1 is denied.

**B.   Ground 2**

In Ground 2, Petitioner claims that he did not received adequate *Miranda* warnings. The R&R concludes that this claim was not fairly presented to the state courts and is now procedurally defaulted. (R&R at 13-14). The R&R further finds that Petitioner has failed to show cause and prejudice to overcome this procedural default or actual innocence. (R&R at 18-19). As a result, the R&R recommends that relief on this claim be denied.

Petitioner objects and argues that *Martinez v. Ryan*, --- U.S. ---, 132 S.Ct. 1309 (2012) is a basis to excuse his default in state court. (Doc. 35 at 15-21). In general, *Martinez* held that a federal court considering a habeas petition could consider the merits of a defaulted ineffective-assistance-of-trial-counsel claim if that claim was defaulted in state court as a result of the ineffective assistance of first-post-conviction-relief counsel. *Id*.

Here, Petitioner is not raising an ineffective assistance of counsel claim in Ground 2. He is raising a *Miranda* claim. *Martinez* does not provide a basis for excusing the failure to properly exhaust a *Miranda* claim in state court. Thus, the procedural bar to this Court considering the merits of this claim applies and Petitioner's objection is

overruled.

Moreover, even if this Court were to consider the merits of this claim pursuant to 28 U.S.C. § 2254(b)(2), relief would be denied. Specifically, for the reasons stated by Petitioner's appellate counsel (R&R at 35), there was no *Miranda* violation. Thus, even if this Court considered the merits of this claim, or re-cast it as an ineffective assistance of counsel claim, Petitioner is not entitled to habeas relief.

**C.     Ground 3**

In Ground 3, Petitioner claims the identification procedures used against him violated his rights. The R&R concludes that this claim was not fairly presented to the state courts and is now procedurally defaulted. (R&R at 14). The R&R further finds that Petitioner has failed to show cause and prejudice to overcome this procedural default or actual innocence. (R&R at 18-19). As a result, the R&R recommends that relief on this claim be denied.

Petitioner objects and argues that *Martinez v. Ryan*, --- U.S. ---, 132 S.Ct. 1309 (2012) is a basis to excuse his default in state court. (Doc. 35 at 15-21). In general, *Martinez* held that a federal court considering a habeas petition could consider the merits of a defaulted ineffective-assistance-of-trial-counsel claim if that claim was defaulted in state court as a result of the ineffective assistance of first-post-conviction-relief counsel. *Id*.

Here, Petitioner is not raising an ineffective assistance of counsel claim in Ground 3. He is raising an identification claim. *Martinez* does not provide a basis for excusing the failure to properly exhaust an identification claim in state court. Thus, the procedural bar to this Court considering the merits of this claim applies and Petitioner's objection is overruled.

Moreover, even if this Court were to consider the merits of this claim pursuant to 28 U.S.C. § 2254(b)(2), relief would be denied. Specifically, for the reasons stated by Petitioner's appellate counsel (R&R at 35), there was no constitutional defect in the identification procedures. Thus, even if this Court considered the merits of this claim, or

re-cast it as an ineffective assistance of counsel claim, Petitioner is not entitled to habeas relief.

### D. Ground 4

Petitioner claims four theories of ineffective assistance of trial counsel: 1) trial counsel was later disciplined by the bar (unrelated to Petitioner's case); 2) trial counsel failed to locate and interview more witnesses; 3) trial counsel did not impeach the victim with a prior criminal record; and 4) trial counsel inadequately questioned the witnesses when they identified Petitioner. (R&R at 25). The R&R examined all of these claims and determined that none of them entitled Petitioner to habeas relief. (R&R at 25-33).

Petitioner filed objections to the R&R in general. (Doc. 35). At pages 8-14 Petitioner goes on at length about all of the reasons he disliked his counsel. However, none of those reasons are specific to the four factual predicates of ineffective assistance of counsel that the R&R summarized from the Petition. Thus, effectively, Petitioner did not file objections to this portion of the R&R and this Court could accept and adopt it without further review.

Alternatively, even if Petitioner's objections could be construed as specific objections to the R&R's findings on these factual predicates to ineffective assistance of counsel, and the Court reviews this Ground de novo, Petitioner is not entitled to relief. As the R&R correctly states:

> … [C]laims of ineffective assistance of counsel are analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, Petitioner must show: (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88. Although the petitioner must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Id*. at 697.

(R&R at 26).

#### 1. trial counsel's later bar discipline

The fact that bar counsel was disciplined after Petitioner's case for matters

unrelated to Petitioner case in no way meets the standard for ineffective assistance of counsel set forth in *Strickland*.  *See* (R&R at 27-29); *United States v. Ross*, 338 F.3d 1054, 1056-57 (9th Cir. 2003).  Accordingly, relief on this claim is denied.

### 2. trial counsel's failure to locate witnesses

Petitioner's assertions that other witnesses exist or that such witnesses would have helpful testimony is speculation.  (R&R at 29-31).  Moreover, to the extent the Petitioner identified certain witnesses and those witnesses would have inculpated Petitioner further, Petitioner's trial counsel exercised reasonable strategy to not call them.  (*Id*.).  Thus, trial counsel's performance was not deficient under *Strickland*.  Therefore, relief on this claim is denied.

### 3. trial counsel failure to impeach the victim

Petitioner complains that trial counsel failed to impeach the victim with the victim's prior criminal record.  (R&R at 31).  There is no evidence that the victim had a prior criminal record.  (*Id*.).  Accordingly, counsel's performance was not deficient under *Strickland* and relief is denied.

### 4. trial counsel's examination of witnesses

Petitioner argues that trial counsel failed to examine the witnesses.  (R&R at 31-33).  However, counsel did examine the witnesses and Petitioner makes no argument or showing that the examination was deficient under *Strickland*.  (*Id*.).  Moreover there was substantial evidence against Petitioner; thus, Petitioner did not suffer any prejudice as is required by *Strickland*.  (*Id*.).  Therefore, relief is denied.

## E. Ground 5

In Ground 5, Petitioner claims his appellate counsel was ineffective for not raising four additional claims on appeal.  (R&R at 33).  The R&R concludes that counsel made a reasonable strategic choice as to which claims to raise, and those choices were not deficient performance under *Strickland*.  (R&R at 33-36).

Petitioner objects and argues that he told counsel what to raise on appeal and that counsel was obligated to argue the claims Petitioner requested be raised.  (Doc. 35 at 21).

As the R&R states, appellate counsel has no duty to raise particular claims just because a client asks that such claims be raised. (R&R at 34). Thus, Petitioner's objection that counsel did not have the authority to limit the claims raised on appeal is overruled. Further, the Court agrees with the R&R that Petitioner's appellate counsel made reasonable strategic choices to pursue only the claims counsel thought had the greatest likelihood of success. (R&R at 33-36). Thus, appellate counsel's performance was not deficient under *Strickland* and relief on this claim is denied.

### F. Ground 6

In Ground 6, Petitioner claims that his sentence violates due process and his right to a jury trial. The R&R concludes that this claim was not fairly presented to the state courts and is now procedurally defaulted. (R&R at 14-15). The R&R further finds that Petitioner has failed to show cause and prejudice to overcome this procedural default or actual innocence. (R&R at 18-19). As a result, the R&R recommends that relief on this claim be denied.

Petitioner objects and argues that *Martinez v. Ryan*, --- U.S. ---, 132 S.Ct. 1309 (2012) is a basis to excuse his default in state court. (Doc. 35 at 15-21). In general, *Martinez* held that a federal court considering a habeas petition could consider the merits of a defaulted ineffective-assistance-of-trial-counsel claim if that claim was defaulted in state court as a result of the ineffective assistance of first-post-conviction-relief counsel. *Id*.

Here, Petitioner is not raising an ineffective assistance of counsel claim in Ground 6. He is raising a sentencing claim. *Martinez* does not provide a basis for excusing the failure to properly exhaust a sentencing claim in state court. Thus, the procedural bar to this Court considering the merits of this claim applies and Petitioner's objection is overruled.

Moreover, even if this Court were to consider the merits of this claim pursuant to 28 U.S.C. § 2254(b)(2), relief would be denied. Specifically, for the reasons stated by Petitioner's appellate counsel (R&R at 35-36), Petitioner's sentence was not illegal.

1 Thus, even if this Court considered the merits of this claim, or re-cast it as an ineffective assistance of counsel claim, Petitioner is not entitled to habeas relief.

### IV. Request for Evidentiary Hearing

Petitioner concludes his objections by seeking an evidentiary hearing. (Doc. 35 at 25-26). Petitioner makes no showing as to what he would offer at an evidentiary hearing. Instead, he cites a state rule of procedure claiming that the rule requires an evidentiary hearing. (Doc. 35 at 26). First, this Court is not bound by the Arizona Rules of Criminal Procedure. Second, Petitioner has not alleged any facts which, if true, would entitle him to relief; thus, no evidentiary hearing is necessary. *See West v. Ryan*, 608 F.3d 477, 485 (9th Cir. 2010). Accordingly, Petitioner's request for an evidentiary hearing is denied.

### V. Conclusion

Based on the foregoing,

**IT IS ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is denied and dismissed with prejudice; the Report and Recommendation (Doc. 32) is accepted and adopted; Petitioner's objections (Doc. 35) are overruled; the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that that pursuant to Rule 11 of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court denies issuance of a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right on any Ground raised in the Petition. *See* 28 U.S.C. § 2253(c)(2).

Dated this 24th day of August, 2016.

James A. Teilborg
Senior United States District Judge